IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUNDAY RILEY MODERN SKIN CARE, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-1650 |
| | § | |
| MAESA, | § | |
| | § | |
| Defendant/Third-Party Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| UNIMAC GRAPHICS, L.L.C., | § | |
| | § | |
| Third Party Defendant. | § | |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, alleging breach of contract and breach of warranties of merchantability or fitness for particular purpose, arising from Defendant/Counter-Plaintiff Maesa's allegedly defective packaging for Plaintiff/Counter-Defendant Sunday Riley Modern Skincare, L.L.C. ("SRMSC's") skin care and cosmetic products, is SRMSC's motion for partial summary judgment (#27) under Rule 56 on its claims against Maesa and on Maesa's amended counterclaims against SRMSC for breach of contract and negligent misrepresentation.

## I. Procedural History of the Suit

SRMSC, a Texas limited liability company with a registered office and principal place of business in Houston, Texas, manufactures and sells high quality skin care and cosmetic products through luxury retailers nationwide and directly to individual customers through the internet. It maintains that its

continued success depends upon the quality of its goods and of their packaging. On September 26, 2011 SRMSC contracted with Maesa, a French corporation, to manufacture and deliver to SRMSC certain custom packaging for SRMSC's products. Initially the packaging appeared to be satisfactory, and SRMSC paid Maesa $187,000 toward an agreed purchase price of $367,143.38. SRMSC alleges that subsequently Maesa delivered defective packaging, i.e., the insides of the folded containers were not laminated, resulting in the flaking of the printing ink into the package, and the glue holding the packages together failed. SRMSC brought suit against Maesa for breach of contract and breach of warranty.

Mesa has counterclaimed, most recently in an amended pleading (#20), against SRMSC for breach of contract based on SRMSC's refusal to pay the remaining amount due and owing under the contract and for other work provided, and for negligent misrepresentation. It claims that pursuant to directions from SRMSC, in late 2011 Maesa shipped the finalized packaging product to a third-party, Sanders Research. SRMSC confirmed its acceptance of the products a number of times in early 2012. Moreover SRMSC used and distributed the packaging throughout the first quarter of 2012. Nevertheless SRMSC failed to make the required payments to any outstanding invoices. At the same time SRMSC continued to promise that it would pay Maesa, and Maesa relied on these representations to its own detriment. Ultimately, nearly five months after SRMSC received the packaging and continued to use and profit off of it, SRMSC filed this lawsuit

and for the first time claimed there was a defect in the product. At this time, SRMSC has paid Maesa for only a portion of the products worth over $400,000.

On December 17, 2012 after obtaining leave of Court, Maesa filed a Third-Party Complaint (#12) against Unimac Graphics, LLC ("Unimac"), a corporation incorporated in the State of New Jersey, which Maesa asserted was "doing business in the State of Texas." Unimac purportedly manufactured the packaging in dispute in this suit. Maesa asserted claims against Unimac for breach of contract and breach of warranty in allegedly causing the damages which SRMSC seeks to recover from Maesa. Maesa sought contribution under Chapter 33 of the Texas Civil Practice & Remedies Code for Unimac's proportionate responsibility, should Maesa be held liable. On September 12, 2013, however, this Court granted Unimac's motion to dismiss for lack of personal jurisdiction (#15, #42).

**II. Standard of Review**

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate when, viewing the evidence in the light most favorable to the nonmovant, the court determines that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A dispute of material fact is "genuine" if the evidence would allow a reasonable jury to

find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Initially the movant bears the burden of identifying those portions of the pleadings and discovery in the record that it finds demonstrate the absence of a genuine issue of material fact on which movant bears the burden of proof at trial; a "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 885 (1990); *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431 (5th Cir. 1998).

If the movant meets its burden and points out an absence of evidence to prove an essential element of the nonmovant's case on which the nonmovant bears the burden of proof at trial, the nonmovant must then present competent summary judgment evidence to support the essential elements of its claim and to demonstrate that there is a genuine issue of material fact for trial. *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d 698, 712 (5th Cir. 1994). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmovant may not rely merely on allegations, denials in a pleading or unsubstantiated assertions that a fact issue exists, but must set forth specific facts showing the existence of a genuine issue of material fact concerning every element of its cause(s) of action. *Morris v. Covan World Wide Moving, Inc,*, 144

F.3d 377, 380 (5th Cir. 1998). Conclusory allegations unsupported by evidence will not preclude summary judgment. *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d at 713; *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). "'[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . .'" *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990), *quoting Anderson v. Liberty Lobby, Inc.*. 477 U.S. 242, 247-48 (1986). "Nor is the 'mere scintilla of evidence' sufficient; 'there must be evidence on which the jury could reasonably find for the plaintiff.'" *Id., quoting Liberty Lobby*, 477 U.S. at 252. The Fifth Circuit requires the nonmovant to submit "'significant probative evidence.'" *Id., quoting In re Municipal Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1978), and *citing Fischbach & Moore, Inc. v. Cajun Electric Power Co-Op.*, 799 F.2d 194, 197 (5th Cir. 1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir. 1999), *citing Celotex*, 477 U.S. at 322, and *Liberty Lobby*, 477 U.S. at 249-50.

The court must consider all evidence and draw all inferences from the factual record in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d at 712-13.

**III. SRMSC's Motion for Partial Summary Judgment (#27)**

SRMSC's motion argues that it should prevail on its breach of contract and breach of warranty claims and Maesa's counterclaims, based on what it characterizes as judicial admissions made by Maesa in its pleadings related to Unimac. In its unopposed motion for leave to join Unimac (#9), Maesa alleged/admitted, "Sunday Riley has sued Maesa for breach of contract and breach of warranty, *based on the fact that the product in issue has failed and is not usable or fit for the purpose for which they were purchased*. [emphasis added by SRMSC]." #9 at p. 2.

Moreover in Maesa's Third-Party Complaint (#12 at pp. 2-3, ¶8, emphasis added by SRMSC) against Unimac, Maesa asserts,

> Unimac owed a duty to exercise ordinary care by supplying and/or manufacturing quality goods and performing its duties in a workmanlike manner in connection with the packaging at issue. *Unimac breached this duty of ordinary care by, among other things, failing to provide quality goods and services, including, but not limited to, the manufacturing of the packing at issue. Unimac's breach of duty proximately caused injury to Maesa because Unimac's breach resulted in the damages which Plaintiff now seeks to recover from Maesa. As such, Unimac's breach of duty proximately caused injury to Maesa, as Plaintiffs are seeking to recover damages based on Unimac's breach.*

In its initial response to Unimac's motion to dismiss (#16, p. 2, ¶3), Maesa reiterated, "Maesa sued Unimac for failing to provide quality goods and services, including, but not limited to, manufacturing of the packing at issue . . . ."

Finally, in its most recent filing on April 12, 2013 (#24, p.1, ¶3), Maesa admitted that its investigation confirmed that Unimac knew the products were defective when shipped (#24, p. 7, ¶21):

> Additionally, it is apparent that Unimac knew that there were potential problems with the product it was manufacturing and shipping to Texas. In an e-mail between Unimac employees, one inquires as to whether the other "anticipates any problems with gluing" on the product to be shipped to Sunday Riley. Further, in several E-mails between Sunday Riley and Unimac, Sunday Riley indicates problems with the samples Unimac has sent to Sunday Riley in Texas. For example, one e-mail indicates that the base of a make-up carton is crooked. These potential issues indicate that Unimac not only expected its product to enter the forum state, but could certainly "reasonably anticipate being haled into court" in Texas . . . [citations omitted].

SRMSC contends that these factual assertions are judicial admissions that the boxes Maesa delivered were not "quality goods" and that they "failed and . . . [are] not usable or fit for the purpose for which they were purchased." It is black letter law that if a party fails to deliver goods as promised under a contract. it is a material breach of that contract. *Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc.*, 134 S.W. 3d 195 (Tex. 2004). A material breach by one party discharges the other party's duty to perform, i.e., here to pay for nonconforming goods. *Id.* at 198-99. Moreover, the warranty of merchantability is breached if the characteristics of the products render them unfit for the ordinary purpose for which they are used. Tex. Bus. & Comm. Code § 2.314; *Plas-Tex, Inc. v. U.S.*

*Steel Corp.*, 772 S.W. 2d 442, 444 (Tex. 1989). A product does not satisfy a warranty of fitness for a particular purpose if the seller has reason to know of the requirements for the product and designs the product to meet those requirements, but the product fails to do so.

SRMSC claims that these judicial admissions are conclusively binding on Maesa. *Davis v. A.G. Edwards & Sons, Ind.*, 823 F.2d 105, 108 (5th Cir. 1987)("[F]actual assertions in pleadings are . . . judicial admissions *conclusively* binding on the party that made them. [emphasis in the original]"); *in accord, Campbell v. Sonat Offshore Drilling, Inc.*, 979 F.2d 1115, 1119-20 (5th Cir. 1992)(superseded by statute on other grounds)(*citing Davis*). It argues that in response to the motion or at trial Maesa should be barred from arguing that the boxes were of adequate quality or did not fail. *Id.*

Regarding Maesa's claim that SRMSC is liable for negligent post-sale misrepresentations that the products initially appeared to be functioning properly and that payment would be forthcoming, Sunday Riley contends that it is barred by the "economic loss rule": because the damages caused by that alleged conduct are also the subject matter of the contract, recovery is barred as a matter of law.[1] *Sharyland Water Supply Corp. v. City*

---

[1] Maesa's counterclaim (#20, p. 3, ¶13) for misrepresentation asserts,

> Maesa would further show that Sunday Riley made certain representations to Maesa regarding payment during the course of the parties' business transactions. These

*of Alton*, 354 S.W. 3d 407, 415-17 (Tex. 2011)(under the economic loss rule parties may be barred from recovering in negligence for purely economic losses.); *Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W. 2d 493, 495 (Tex. 1991)("The acts of a party may breach duties in tort or contract alone or simultaneously in both. The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss of the subject of a contract itself the action sounds in contract alone."), *quoting* *Jim Walter Homes, Inc. v. Reed*, 711 S.W. 2d 617, 618 (Tex. 1986).[2]

SRMSC adds that the discovery period has closed and Maesa has not offered a damages calculation nor designated an expert on damages, so it is entitled to judgment on the misrepresentation claim as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)(Under Rule 56(c), "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.").

---

> representations were false. Despite its representations to the contrary, Sunday Riley has refused to pay Maesa the remaining amount due and owing under the parties' contract, and for other work, which is in excess of $300,000.

[2] The Texas Supreme Court has noted that it has only applied the economic loss rule in cases involving defective products or failure to perform a contract, the issues in this action. *Sharyland*, 354 S.W. 3d at 418.

SRMSC insists there are only two issues in dispute here: (1) the amount it is entitled to recover from the $187,000 it has already paid for the defective boxes and (2) the amount of attorney's fees it can recover. It asks the Court to narrow the issues accordingly by granting partial summary judgment to it for liability on both its affirmative claims and on Maesa's counter claims, and to set its damage claims for trial.

**IV. Maesa's Response (#30)**

Maesa objects that SRMSC has taken each of the challenged statements out of context and misrepresented it. Regarding the first passage it quoted, Maesa maintains that it was merely summarizing the allegations of SRMSC. Maesa further insists that the passage containing contribution allegations that Unimac breached its duty by failing to provide quality goods, which SRMSC argues is an admission that Maesa did not provide SRMSC with quality goods, is not the same as an admission that Maesa did not provide SRMSC with quality goods.

Even if the Court should accept SRMSC's arguments that the quoted statements amount to judicial admissions that the packaging was defective, SRMSC still cannot prevail, Maesa insists. While Maesa agrees that allegations made in pleadings are usually viewed as judicial admissions and thus conclusively established, a well recognized exception to the general rule (that such factual statements are binding on the party who makes them) is that "one of two inconsistent pleas cannot be used as evidence in the trial of the other." *Continental Ins. Co. of New York v.*

*Sherman*, 439 F.2d 1294, 1298 (5th Cir. 1971). *See also Dartez v. Owen-Illinois, Inc.*, 910 F.2d 1291, 1294 (5th Cir. 1990)("[W]hen inconsistent positions are taken in pleadings in a complicated joinder situation, involving . . . the contingent liability of third parties, such pleadings may not be used as evidentiary admissions."). This exception allows parties to use the liberal pleading and joinder provisions of the Federal Rules of Civil Procedure to file inconsistent pleadings in third-party complaints and cross-claims seeking recovery if liability is found in the main action. *Sherman*, 439 F.2d at 1298; *Nichols v. Barwick*, 792 F.2d 1520, 1524 (11th Cir. 1986). Maesa argues that its third-party complaint against Unimac falls within this exception. Maesa continues to allege that it did not breach its contract with SRMSC by delivering defective goods, while at the same time alleging in its third-party complaint against Unimac that if the products were defective and if liability is found in the main action, Unimac should be held responsible to the contribution as it relates to the product it manufactured. *See Gabarick v. Laurin Maritime (America), Inc.*, 406 Fed. Appx. 883, 889 (5th Cir. 2010)(applying the exception and citing to the *Sherman* rule, the panel noted that Rule 8(d)(3) permits a party to "state as many separate claims or defenses as it has, regardless of consistency" and found that where a party "took inconsistent positions in various actions," "the district court erred in treating the allegations in any one of [the party's] many pleadings as an admission sufficient to settle an issue of fact").

Regarding the economic loss rule, Masa argues that parties are generally allowed to present alternative theories to recovery and may seek alternative relief under contract and quasi-contract theories. *Woodcock v. Chase Home Fin., LLC*, No. H-11-1199, 2012 WL 393260, at *3 (S.D. Tex. Feb. 3, 2005), *citing In re Kellogg Brown & Root, Inc.*, 166 S.W. 3d 732, 740 (Tex. 2005); Fed. R. Civ. P. 8(d)(2)(permitting a party to "state as many separate claims or defenses as it has, regardless of consistency."). Maesa claims that its first amended counterclaim pleads negligent misrepresentation in the alternative to its breach of contract claim. The economic loss rule does not prevent parties from pleading multiple theories of liability; it bars them from recovering economic losses caused by a breach of contract on a negligence theory. *Memorial Hospital Healthcare System, Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008)("Under Texas's economic loss rule, however, no duty in tort exists when plaintiffs have suffered only economic losses. Therefore in Texas, the economic loss rule bars plaintiffs from 'recover[ing] economic losses resulting from a defective product based on a negligence theory. [citations omitted]'" Here, Maesa insists, Maesa alleges independent facts that lead to independent liability that is not limited by the economic loss rule. *Southwestern Bell*, 809 S.W. 2d at 494 ("if the defendant's conduct--such as negligently burning down a house--would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claim may also sound in tort.

Conversely, if the defendant's conduct-such as failing to publish an advertisement-would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract."). Specifically it pleads a contract claim that SRMSC failed to pay substantial outside invoices, and a tort claim that SRMSC knowingly made numerous false intentional misrepresentations[3] promising payment of the invoices.

**V. SRMSC's Reply (#32)**

---

[3] The Court notes that Maesa has pleaded a claim for negligent misrepresentation, not intentional misrepresentation. Texas has adopted the definition of this tort in the *Restatement (Second) of Torts* § 552(1):

> One who, in the course of his business, profession or employment, or in any transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W. 2d 787, 791 (Tex. 1999).

If Maesa intended to state a claim for intentional misrepresentation, it would have to satisfy the pleading standard under Rule 9(b) to plead with factual particularity that SRMCS made a material misrepresentation, that the representation was false when made, that SRMCS knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion, that SRMCS made it with the intent that Maesa should rely upon it and that Maesa acted in reliance on its and thereby suffered injury. *In re FirstMerit Bank, N.A.*, 52 S.W. 3d 749, 758 (Tex. 2001). Maesa would also have to plead the "who, what, when and where" and explain why the statements were fraudulent. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78(5th Cir. 1997). It has clearly not satisfied that heightened standard.

SRMSC reiterates that it has shown through Maesa's pleadings that the damages Maesa seeks through its misrepresentation counterclaim are the same unpaid invoices that form the subject matter of its contract counterclaim. The Court agrees and also notes that the Amended Counterclaim does not use language showing that the two causes of action were pleaded in the alternative.

As for application of the exception that Maesa claims to the general rule that a party is bound by its own pleadings' assertion of fact, SRMSC maintains that there must be an alternative statement of fact for it to apply. Before its response, Maesa nowhere in its third-party complaint or other pleadings has Maesa asserted that the boxes were not defective. SRMSC quotes from what it calls the "seminal" case on the necessity of an alternate set of facts to invoke the exception *Schott Motorcycle Supply, Inc. v. Am. Honda Motor Co., Inc.*, 976 F.2d 58, 61 (1st Cir. 1992)(citations omitted):

> To be sure, a pleading should not be construed as a judicial admission against an alternative or hypothetical pleading in the same case. Plaintiff's assertion, however . . . was not made in the context of an alternative or hypothetical pleading. *See* 5 Wright & Miller, *Federal Practice and Procedure* § 1282 at 525 (2d 3d. 1990)(generally an alternative claim is drafted in the form of "either-or" and a hypothetical claim is in the form of "if-then"). . . . Thus, the cases noting that judicial admissions should not be applied to undermine the privilege of alleging inconsistent facts in alternative pleadings provide no aid to plaintiff.

Moreover a review of Maesa's third-party complaint does not support its contention, either by word or implication that it made the statements "in the event that the products were defective and liability is found in the principal action." Rather Maesa unconditionally and unequivocally alleged those facts. #12, ¶8. It recently repeated the same in #24, ¶ 3. In both pleadings there was no denial of the defective boxes, no alternative theory, no hypothetical "either-or" or "if-then" language, but simply bald judicial admissions by Maesa in formal pleadings that Unimac breached its duty to Maesa by delivering defective boxes. Maesa provides no affidavit or evidence that the boxes were not defective. SRMSC insists that judicial efficiency demands that Maesa "not be allowed to controvert what it has already told a court" through its pleadings. *Soo Line RR Co. v. St. Louis SW Rwy. Co.*, 125 F.3d 481, 483 (7th Cir. 1997).

**VI. Court's Decision**

As a threshold matter, the Court agrees with SRMSC that Maesa's negligent misrepresentation claim is barred by the economic loss rule because the nature of its loss is the subject matter of the breach of contract claim at issue here, i.e., the unpaid invoices due under the contract. *Bell Tel. Co. v. DeLanney*, 809 S.W. 2d 493, 494-95 (Tex. 1991); *Torch Energy Advisors, Inc. v. Plaints Exploration & Production Co.*, 409 S.W. 3d 46, 52-53 (Tex. App.-Houston [1st Dist.] 2013). *See* MAESA's First Amended Counterclaim, #23 at p. 3, ¶ 14 ("Sunday Riley made certain [false] representations to Maesa regarding acceptance of

the product provided and payment during the course of the parties' business transactions."). Maesa does not use language showing the misrepresentation claim is pleaded in the alternative to its breach of contract claim. "When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Jim Walter Homes*, 711 S.W. 2d at 618. Nor is it an independent claim. Because Maesa "sought damages for breach of a duty created under contract, as opposed to a duty imposed by law, tort claims [are] unavailable." *Sharyland*, 354 S.W. 3d at 417. Thus SRMSC is entitled to summary judgment on Maesa's negligent misrepresentation counterclaim.

SRMCS claims that factual allegations in Maesa's motion for leave to file a third-party complaint, third-party complaint, and response to Unimac's motion to dismiss are judicial admissions binding on Maesa that the packaging was defective and not usable or fit for the purpose for which they were purchased. To constitute a judicial admission, a statement must be "deliberate, clear, and unequivocal." *Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319, 329 (5th Cir. 2001). Because a claim for contribution and proportionate responsibility for damages on the breach of contract/warranty does not become live unless and until the defendant has been found liable and only if the third party is then also found liable for deficiencies in the product it manufactured, statements charging that Unimac produced a defective product that failed the warranties of merchantability and fitness for a particular purpose must be construed in that context and are

not a clear and unequivocal statement that Maesa, itself, is liable. In *Sherman*, 439 F.2d at 1298, the Fifth Circuit held that the general rule binding a party by the admissions in his pleadings did not apply when a party took "inconsistent positions . . . in pleadings in a complicated joinder situation, involving . . . the contingent liability of third parties." *Id., cited for this proposition in Nichols v. Barwick*, 792 F.2d 1520, 1523 (11th Cir. 1986), and *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1178 n.17 (11th Cir. 2009); *Hardy v. Johns-Manville Sales Corp.*, 851 F.2d 742, 745 n.5 (5th Cir. 1988), *citing* Sherman and *Douglas Equipment, Inc. v. Mack Trucks, Inc.*, 471 F.2d 222, 224 (7th Cir. 1972)(third party complaint cannot be used as an admission). Moreover, contrary to SRMCS's assertion that Maesa's third-party complaint does not support its contention, either by word or implication that it made the statements "in the event that the products were defective and liability is found in the principal action," the Court observes that Maesa's Third -Party Complaint expressly notes the contingent nature of the complaint. In #12, paragraph 9, Maesa states, "***In the unlikely event that*** Maesa is found liable for any damages, it is entitled to a determination of Unimac's percentage of responsibility for the damages, ***if any***, suffered by Plaintiffs, pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code [emphasis added by this Court]." The final paragraph states, "Third-Party Plaintiff MAESA respectfully prays that this Honorable Court adjudge that ***to the extent Third-Party Defendant is liable to Plaintiff***, Third-Party Defendant is

in turn liable to Third-Party Plaintiff for damages to the cargos in question. [emphasis by the Court]" #12, final paragraph.

In addition a statement is not a judicial admission "unless it is an intentional waiver releasing the opponent from a proof of fact." *McCullough v. Odeco, Inc.*, Civ. A. No. 90-3868, 1991 WL 99413, at *2 (E.D. La. May 30, 1991), *citing Alamo v. Del Rosario*, 98 F.2d 328, 330-31 (D.C. Cir. 1938)("A judicial admission must 'be by intention an act of waiver, relating to the opponent's proof of the fact, and not merely an assertion or concession made for some independent purpose.'"), *citing McNamara v. Miller*, 269 F.2d 511, 515 (D.C. Cir. 1959), and *Howard Industries, Inc. v. Rae Motor Corp.*, 186 F. Supp. 469, 471-72 (E.D. Wis. 1960). *See also Wireless Agents, LLC v. Sony Ericsson Mobile Communications AB*, No. 03:05-CV-0289-D, 2006 WL 1189687, at *9 (N.D. Tex. May 3, 2006)("'A statement 'may be considered a judicial admission if it was made intentionally as a waiver, releasing the opponent from proof of fact.'"), *quoting Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). It is evident from Maesa's position in this litigation that it did not intend by its Third-Party Complaint to admit that it or Unimac was liable for defective packaging.

Finally, a district court in its discretion may relieve a party of the adverse consequences of a judicial admission. *McGee v. O&M Boat Co.*, 412 F.2d 75, 76 (5th Cir. 1969); *Kiln Underwriting Ltd. v. Jesuit High School of New Orleans*, 2008 WL 4724390, at *12 (E.D. La. Oct. 24, 2008)("It is 'well established

that trial judges are given broad discretion to relieve parties from the consequences of judicial admissions in appropriate cases.'"; "Litigation is not a game of 'gotcha,' and the Court declines to decide a hotly contested coverage issue based on an honest mistake.")), *citing Electric Mobility Corp. v. Bourns Sensors/Controls, Inc.* 87 F. Supp. 2d 394, 406 (D.N.J. 2000), and *Coral v. Gonse*, 330 F.2d 997, 998 n.1 (4th Cir. 1964)("If the District Court is convinced that an honest mistake has been made, the original allegation was untrue, and that justice required relief, it may, in its discretion, relieve the party of its otherwise binding consequence."). In the interests of justice, if Maesa were trapped by the challenged, unintentional statements, this Court in equity would find in its discretion that relief from the general rule would be appropriate here.

Accordingly, for the reasons stated above, the Court

ORDERS that SRMSC's motion for partial summary judgment is GRANTED as to Maesa's misrepresentation counterclaim, but DENIED as to both parties' breach of contract/breach of warranty claims.

**SIGNED** at Houston, Texas, this 20th day of February, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE